UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60494-CIV-COHN/SELTZER

MARIA CORTEZ, individually and on
behalf of all others similarly situated,

       Plaintiff,
v.

F.CI SECURITY, a Florida corporation,
MARIA SIMONE, individually,
PATRICK C. SIMONE, individually,
VINCENT SIMONE, individually,
CHARLES SIMONE, individually,
PATRICK L. SIMONE, individually,

       Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon the letter the Court received from Defendant Patrick Simone [DE 23]. The Court has considered the letter and the record in this case, and is otherwise advised in the premises.

On March 8, 2011, Plaintiff Maria Cortez filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Florida Statutes § 448. Plaintiff's Complaint [DE 1] alleges counts for Federal Minimum Wage (Count I), Recovery of Unpaid Wages Under Fla. Stat. § 448 (Count II), Recovery of Overtime Compensation (Count III)[1], and Declaratory Relief (Count IV), arising from Plaintiff's employment with Defendants. Plaintiff states that she was "employed and hired by Defendants on or about September 16, 2010, and worked for Defendant as a 'Security Officer.'" Compl. ¶ 3.

---

[1] Count III is brought on behalf of "Plaintiff, LUCY SOSA," Compl. ¶¶ 27-31, but Ms. Sosa is not a named Plaintiff in this action.

On May 10, 2011, Defendant Patrick Simone[2] wrote three letters to the Court, each stating, "I, Patrick Simone, do solemnly swear that neither Maria Cortez nor Lucy Sosa where ever employed by FCI Security. I also would like to inform the Court that FCI Security went out of business in 2009. Therefore their erroneous charge of loss of wages in 2010 is totally fraudulent." DE's 7, 8, 9 at 1 (identical language). The Court construed these letters as Motions to Dismiss. Upon Plaintiff's Response to Motion to Dismiss and Notice of Voluntary Dismissal Without Prejudice as to F.CI Security [DE 11], the Court dismissed the case against F.CI Security [DE 12]. The Court further noted that "the case shall proceed against the remaining defendants," DE 12 at 3 ¶ 2, and directed the remaining defendants to respond to the Complaint.

Thereafter, Defendants Maria Simone, Patrick C. Simone, Patrick L. Simone, and Vincent Simone failed to respond to the Complaint within the time required by law, and the Clerk entered defaults against them [DE's 14, 20, 22]. As for the last remaining non-defaulted defendant, Charles Simone, there is still no indication on the record that he has been served.

In the instant letter, dated July 19, 2011, Patrick Simone[3] writes, "I, Patrick Simone, do solemnly swear that neither Patrick, Vincent nor Charles Simone, my sons,

---

[2] This case is brought against both Patrick C. Simone and Patrick L. Simone. The letters do not indicate which Patrick Simone wrote them, however, the Clerk of Court filed the letters under Patrick C. Simone's name. Perhaps this was because Patrick C. Simone's Summons [DE 7 at 2] is attached to one of the letters [DE 7].

[3] Once again, the letter does not indicate which Patrick Simone wrote it, but the Clerk of Court filed the letter under Patrick C. Simone's name. The envelope in which the letter arrived included the return address of Patrick C. Simone, 100 SW 64th Way, Pembroke Pines, FL 33023.

are or ever were on board with Star Seven Security.  Therefore all correspondence to them regarding this case should desist.  At this point unless otherwise advised, I will consider this request noted and applied."  DE 23 at 1.  The Court construes the letter as a Motion to Dismiss on behalf of Patrick, Vincent, and Charles Simone.

Unless Mr. Simone is a licenced lawyer, he may not represent any of his co-defendants in this matter.  Individuals may only appear in federal court "personally or by counsel."  28 U.S.C. § 1654.  Only a licensed lawyer may represent another person in court.  Guajardo v. Luna, 432 F.2d 1324, 1324 (5th Cir. 1970); Roberts v. McDonough, Case No. 3:08cv245/LAC/EMT, 2008 WL 2557537, at *1 (N.D. Fla. June 23, 2008).  Though Federal Rule of Civil Procedure 17 will allow a party to be represented by another if he or she is legally minor or incompetent,[4] the Court has no reason to believe that Patrick, Vincent, or Charles Simone is minor or incompetent.  Therefore, Mr. Simone's request to dismiss this action on behalf of Patrick, Vincent, or Charles Simone will be denied.

---

[4] Specifically, Rule 17(c) provides as follows:
(c) Minor or Incompetent Person.
    (1) With a Representative.  The following representatives may sue or defend on behalf of a minor or an incompetent person:
        (A) a general guardian;
        (B) a committee;
        (C) a conservator; or
        (D) a like fiduciary.
    (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c).

In response to his letter, the Court advises Mr. Simone that correspondence regarding Patrick, Vincent, and Charles Simone will not desist until the Court issues a Final Judgment against these defendants or an Order dismissing them.  The case remains open and pending against each of the remaining individual defendants.

The Court further advises that because the Clerk has entered defaults against each defendant except Charles Simone, the defendants must move to vacate the defaults in order to proceed with the case.  Otherwise, Plaintiff will ultimately move for final default judgment against the defaulted defendants.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that to the extent Mr. Simone's letter  [DE 23] requests dismissal of this action against Defendants Patrick, Vincent or Charles Simone, the request is **DENIED**.  If these parties wish to defend this case, they must move to vacate their defaults in accordance with the Federal Rules of Civil Procedure.  It is further

**ORDERED AND ADJUDGED** that Defendant Charles Simone is reminded that he must respond to Plaintiff's Complaint [DE 1] within twenty-one (21) days of service of the summons upon him, see Summons [DE 3], and he must respond to Plaintiff's Statement of Claim [DE 6] within fifteen (15) days of service of the statement upon him.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of August, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
*Pro se* parties via regular mail