UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60494-CIV-COHN/SELTZER

MARIA CORTEZ, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.

F.CI SECURITY, a Florida corporation,
MARIA SIMONE, individually,
PATRICK C. SIMONE, individually,
VINCENT SIMONE, individually,
CHARLES SIMONE, individually,
PATRICK L. SIMONE, individually,

       Defendants.
_____/

**ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT,
DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEYS' FEES, AND
DISMISSING WITHOUT PREJUDICE DEFENDANT CHARLES SIMONE**

**THIS CAUSE** is before the Court upon Plaintiff Maria Cortez's Motion for Default Final Judgment [DE 30]. The Court has carefully considered the motion and the record in this case, including the Complaint [DE 1], the returns of service upon Defendants Patrick L. Simone [DE 15], Vincent Simone [DE 16], Maria Simone [DE 17], and Patrick C. Simone [DE 18], the Clerk's Entries of Default against Maria Simone and Patrick C. Simone [DE 14], Patrick L. Simone [DE 20], and Vincent Simone [DE 22], these Defendants' failure to respond to the instant motion, and is otherwise advised in the premises.

On March 8, 2011, Plaintiff Maria Cortez filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Florida Statutes § 448. Plaintiff's Complaint [DE 1] alleges counts for Federal Minimum Wage (Count I), Recovery of

Unpaid Wages Under Fla. Stat. § 448 (Count II), Recovery of Overtime Compensation (Count III)[1], and Declaratory Relief (Count IV), arising from Plaintiff's employment with Defendants.  Plaintiff states that she was "employed and hired by Defendants on or about September 16, 2010, and worked for Defendant as a 'Security Officer.'" Compl. ¶ 3.  Defendant F.CI Security [DE 12] was dismissed from this action on May 25, 2011, pursuant to Plaintiff's Notice of Voluntary Dismissal [DE 11].

As for the last remaining nondefaulted defendant, Charles Simone, there is still no indication on the record that he has been served, and the instant Motion for Default Final Judgment does not seek relief against him.  Pursuant to Federal Rule of Civil Procedure 4, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The 120-day deadline in this case expired on July 6, 2011, and Plaintiff has not requested any extension of time to serve Charles Simone.  The Court has noted repeatedly that Plaintiff has failed to provide proof of service as to Defendant Charles Simone.  <u>See</u> Orders [DE's 12 at 1 n.1, 24 at 2, 25 at 2, 29 at 2].  Plaintiff has failed to indicate, either in the instant motion or in her Status Reports [DE's 26 ¶ 3, 27, 31], how she intends to proceed with respect to Charles Simone.  Therefore, the Court will dismiss Defendant Charles Simone without prejudice pursuant to Rule 4(m).

Plaintiff filed the instant Motion for Default Final Judgment against the four

---

[1] Count III is brought on behalf of "Plaintiff, LUCY SOSA," Compl. ¶¶ 27-31, but Ms. Sosa is not a named Plaintiff in this action.

remaining Defendants on September 9, 2011.  The Motion for Default Final Judgment requests judgment in the amount of "$14,410.00, plus $8,400.00 in attorney's fees and costs."  Mot. at 4.  However, Plaintiff's Affidavit in Support of Motion for Final Judgment Pursuant to Court's Default Judgment [DE 30-2] ("Cortez Affidavit") only requests a total of $6,010.00 in actual and liquidated damages, Cortez Aff. ¶ 11, and her Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation [DE 30-1] ("Motion for Fees and Expenses") requests an additional $8,400.00 in attorney's fees and costs.  Presumably, Plaintiff intended to request $14,410.00 total, consisting of $6,010.00 in actual and liquidated damages and $8,400.00 in attorney's fees in costs.  Therefore, the Court will enter a default judgment in Plaintiff's favor for $6,010.00 in actual and liquidated damages.

Finally, Plaintiff's request for attorney's fees and costs is improper.  First, Plaintiff has filed her Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation [DE 30-1] ("Motion for Fees and Expenses") as an attachment to her Motion for Default Final Judgment.  Yet, the electronic filing rules require each motion to be filed as a separate docket entry.  Second, pursuant to the Local Rules for the Southern District of Florida, a Motion for Attorneys' Fees and/or Non-Taxable Expenses and costs "shall . . . be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim," S.D. Fla. L.R. 7.3(a)(1).  No such final judgment has been entered here, so Plaintiff's Motion for Fees and Expenses is premature.  Therefore, the Motion for Fees and Expenses will be denied without prejudice with leave to refile in accordance with the Local Rules and the proper electronic filing procedures.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. All claims in the above-captioned action against Defendant Charles Simone are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m);

3. Plaintiff Maria Cortez's Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation is **DENIED without prejudice**, with leave to refile in accordance with the Local Rules for the Southern District of Florida and the proper electronic filing procedures;

3. Plaintiff Maria Cortez's Motion for Default Final Judgment [DE 30] is **GRANTED**;

4. The Court will enter a separate judgment consistent with the above ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of September, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of Record via CM/ECF
*Pro se* parties via regular mail