UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60494-CIV-COHN/SELTZER

MARIA CORTEZ, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.

F.CI SECURITY, a Florida corporation,
MARIA SIMONE, individually,
PATRICK C. SIMONE, individually,
VINCENT SIMONE, individually,
CHARLES SIMONE, individually,
PATRICK L. SIMONE, individually,

      Defendants.
_____/

## ORDER DENYING MOTION FOR AWARD OF ATTORNEYS' FEES AND REASONABLE EXPENSES OF LITIGATION

**THIS CAUSE** is before the Court upon Plaintiff Maria Cortez's Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation [DE 35].  The Court has considered the motion and the record in this case, and is otherwise fully advised in the premises.

On March 8, 2011, Plaintiff Maria Cortez filed this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Florida Statutes § 448 .  See Complaint [DE 1].  On September 27, 2011, the Court granted Plaintiff's Motion for Default Judgment [DE's 30, 33], and entered a Final Default Judgment [DE 34] in favor of Plaintiff and against Defendants Maria Simone, Patrick C. Simone, Vincent Simone, and Patrick L. Simone.[1]  In granting the Motion for Default Judgment, the Court denied

---

[1]     Defendants F.CI Security and Charles Simone were previously dismissed from this action.  See Notice of Voluntary Dismissal without Prejudice as to F.CI

without prejudice Plaintiff's initial Motion for Attorneys' Fees and Reasonable Expenses of Litigation [DE 30-1] for failure to file the motion as a separate docket entry, as required by the electronic filing rules, and for failure to comply with Local Rule 7.3(a)(1). The Court granted Plaintiff "leave to refile [her motion] in accordance with the Local Rules and the proper electronic filing procedures."  See Order Granting Motion for Default Final Judgment at 3, 4.

Plaintiff filed the instant motion on February 7, 2012.  Pursuant to Local Rule 7.3(a), a Motion for Attorneys' Fees and/or Non-Taxable Expenses and costs "shall . . . be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim," S.D. Fla. L.R. 7.3(a)(1).  The September 27, 2011 Default Final Judgment was the judgment that gave rise to the claim for fees.  See Default Final Judgment. Therefore, the deadline to move for fees expired on November 27, 2011, over two months before Plaintiff filed the instant motion.

Similarly, Local Rule 7.3(c) requires that a bill of costs pursuant to 28 U.S.C. § 1920 "shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920."  S.D. Fla. L.R. 7.3(c).  Once again, the September 27, 2011 Default Final Judgment was the judgment that gave rise to the right to tax costs. Therefore, the deadline to file and serve a bill of costs expired on October 27, 2011,

---

Security [DE 11]; Order Dismissing Defendant F.Cl Security [DE 12]; Order Granting Motion for Default Final Judgment, Denying without Prejudice Motion for Attorneys' Fees, and Dismissing without Prejudice Defendant Charles Simone [DE 33].

over three months before Plaintiff filed the instant motion.[2]  Plaintiff has not requested an extension of time to move for fees and costs.  Therefore, because Plaintiff's time to request fees and costs has passed, her motion is procedurally improper.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Maria Cortez's Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation [DE 35] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of February, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of Record via CM/ECF

---

[2] The Court notes that the Local Rules also require that "[a]n application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts . . . [and t]he bill of costs shall attach copies of any documentation showing the amount of costs." S.D. Fla. 7.3(c). Plaintiff's motion also fails to comply with these provisions.